IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

UNITED STATES OF AMERICA,

                Plaintiff,

v.                                                   CRIMINAL ACTION NO. 2:10-cr-00032

LES VAN BUMPUS,

                Defendant.

**REVOCATION OF SUPERVISED RELEASE AND JUDGMENT ORDER**

On January 5, 2015, the Defendant, Les Van Bumpus, appeared in person and by counsel, George H. Lancaster, Jr., Assistant Federal Public Defender, for a hearing on the *Petition for Warrant or Summons for Offender Under Supervision* and *Amendment to Petition* submitted by the Defendant's supervising probation officer. The United States was represented at the hearing by Monica D. Coleman, Assistant United States Attorney. United States Probation Officer Greg Swisher was also present at the hearing.

On January 13, 2011, the Defendant was sentenced to a term of imprisonment of 24 months to be followed by a 3 year term of supervised release. The Defendant began serving the term of supervised release on September 28, 2012. On April 3, 2014, the *Petition for Warrant or Summons for Offender Under Supervision* was filed charging the Defendant with violating certain conditions of supervised release. On May 1, 2014, the Court held a hearing on the *Petition*, at which time, the Court held the *Petition* in Abeyance. On October 9, 2014, the *Amendment to Petition* was filed charging the Defendant with violating additional conditions of supervised release.

At the January 5, 2015, hearing, the Court found that the Defendant had received written notice of the alleged violations as contained in the *Petition* and *Amendment*, and that the evidence against the Defendant had been disclosed. The Court further found that the Defendant appeared, was given the opportunity to present evidence, and was represented in the proceeding by counsel.

The Court then found, by a preponderance of the evidence, that the Defendant violated certain conditions of supervised release as contained in the *Petition* and *Amendment*, specifically:

**Petition**

> 1. **Violation of standard condition: The defendant shall not commit another federal, state, or local crime:**
>
>    On May 31, 2013, the defendant was arrested and charged in Kanawha County, West Virginia, Magistrate Court, with fleeing from an officer, reckless indifference, and receiving or transferring a stolen vehicle. Specifically, officers with the South Charleston, West Virginia, Police Department, observed a gold Cadillac Escalade traveling east on Kanawha Turnpike which matched the description of a vehicle previously reported as stolen. A check of the license plate revealed the plates on the Cadillac belonged to a different vehicle. Officers then activated their emergency lights in an attempt to execute a traffic stop. The defendant then fled, traveling at speeds in excess of eighty miles per hour. The chase ended in an accident which disabled the vehicle. The defendant was taken into custody and subsequently released on bond. On October 24, 2013, a grad jury seated in Kanawha County, West Virginia, returned a two-count indictment against the defendant, charging him with fleeing in vehicle in reckless indifference to the safety of others, and transferring and receiving stolen property. On March 5, 2014, by way of plea agreement, entered a plea of guilty to count two of the indictment, transferring and receiving stolen property. Count one was dismissed, and the defendant was sentenced to an indeterminate term of one to ten years in the state penitentiary. However, the custodial sentence was suspended, and Mr. Bumpus was placed on electronically monitored home confinement for an indeterminate term of not less than one nor more than three years. Mr. Bumpus is currently serving the term of home confinement.

**Amendment:**

1. **<u>Violation of standard condition: The defendant shall not commit another federal, state, or local crime:</u>**

   On October 8, 2014, Nitro, West Virginia, police officers observed a vehicle which appeared to be traveling in excess of the posted speed limit. Upon following and pacing the vehicle at approximately forty miles per hour, officers initiated a traffic stop. Upon approaching the vehicle, and identifying the driver as Les Van Bumpus, officers detected a strong odor of marijuana coming from inside the vehicle. After requesting the defendant and his passenger exit the vehicle, officers located a burnt cigarette of "Spice/K-2" underneath the driver's seat, and a burnt cigarette of "Spice/K-2" under the passenger seat. Upon searching the individuals, officers also located a hand-rolled cigarette in the defendant's sock, which Mr. Bumpus identified as "Spice/K-2." Mr. Bumpus was arrested and charged with possession of Schedule I controlled substance (synthetic marijuana), a violation of West Virginia Code 60A-4-401. He is currently incarcerated in the South Central Regional Jail, Charleston, West Virginia.

In making these findings, the Court relied upon the information contained in the *Petition* and *Amendment*, and the statements of the Defendant and his counsel.

Having found the Defendant to be in violation of the conditions of supervised release, the Court **REVOKED** the Defendant's supervised release and entered judgment as follows:

It is the **JUDGMENT** of the Court that the Defendant be committed to the custody of the Federal Bureau of Prisons for a term of **6 MONTHS**. The Defendant shall be given credit for time served as appropriately calculated by the Bureau of Prisons. The Court recommends that the Defendant be evaluated for and placed in any and all appropriate substance and/or alcohol abuse treatment programs which may be offered by the Bureau of Prisons including the 500-hour residential drug treatment program. The Court recommends that the defendant be placed in FCI Ashland. Upon release from prison, the Defendant shall be placed on supervised release for a term of **54 MONTHS**. Within 72 hours of release from custody, the Defendant shall report in person to

the United States Probation Office in the district to which the Defendant is released. While on supervised release, the Defendant must not commit another federal, state, or local crime, must not possess a firearm or other dangerous device, and must not unlawfully possess a controlled substance. The Defendant must also comply with the standard terms and conditions of supervised release as recommended by the United States Sentencing Commission and as adopted by the United States District Court for the Southern District of West Virginia, including the special condition that the Defendant shall participate in a program of testing, counseling, and treatment for drug and alcohol abuse as directed by the probation officer, until such time as the Defendant is released from the program by the probation officer. The Defendant shall comply with the Standard Conditions of Supervision adopted by the Southern District of West Virginia in Local Rule of Criminal Procedure 32.3, as follows:

1) If the offender is unemployed, the probation officer may direct the offender to register and remain active with Workforce West Virginia.

2) Offenders shall submit to random urinalysis or any drug screening method whenever the same is deemed appropriate by the probation officer and shall participate in a substance abuse program as directed by the probation officer. Offenders shall not use any method or device to evade a drug screen.

3) As directed by the probation officer, the defendant will make copayments for drug testing and drug treatment services at rates determined by the probation officer in accordance with a court-approved schedule based on ability to pay and availability of third-party payments.

4) A term of community service is imposed on every offender on supervised release or probation. Fifty hours of community service is imposed on every offender for each year the offender is on supervised release or probation. The obligation for community service is waived if the offender remains fully employed or actively seeks such employment throughout the year.

5) The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon.

The Defendant was remanded to the custody of the United States Marshal.

**IT IS SO ORDERED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to the Defendant and counsel, the United States Attorney, the United States Probation Office, and the United States Marshal.

ENTER: January 7, 2015

THOMAS E. JOHNSTON
UNITED STATES DISTRICT JUDGE